UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

LESLIE KEVIN KOZACZEK,     :
     :
     Plaintiff,     :
     :
     v.     :     Case No. 1:13-cv-00074-jgm
     :
NEW YORK HIGHER EDUCATION     :
SERVICES CORPORATION and     :
CHASE MANHATTAN BANK,     :
     :
     Defendants.     :
_____:

MEMORANDUM AND ORDER
(Docs. 7, 19, 23)

I.    Introduction

     In June 2013, Plaintiff Leslie Kevin Kozaczek, proceeding pro se, brought this action against

Defendants New York Higher Education Services Corporation ("HESC") and Chase Manhattan

Bank ("Chase").  Kozaczek alleges the Internal Revenue Service's offset of his 2009 federal income

tax refund (and possible additional offsets) violates due process.  (Doc. 3 ¶ 15.)  Kozaczek also

claims the promissory note he and Chase entered into was an unconscionable contract of adhesion.

Id. ¶ 16.  HESC and Chase moved to dismiss (Docs. 7, 19) and Kozaczek filed a motion for

judgment (Doc. 23).  For the reasons that follow, the motions to dismiss are GRANTED, the

motion for judgment is DENIED, and this action is DISMISSED.

II.    Background[1]

     The Court has already recited much of the facts of this case in a previous decision.  See

Kozaczek v. N.Y. Higher Educ. Servs. Corp., No. 1:10-cv-107-jgm, 2011 WL 3687379 (D. Vt. Aug.

---

[1] As a pro se plaintiff, the Court liberally construes Kozaczek's complaint, Harris v. Mills,
572 F.3d 66, 72 (2d Cir. 2009), but notes he is no longer a novice in the legal system.  Kozaczek has
two pending cases involving his student loans before this Court and a third was dismissed in 2011.

23, 2011).  In that case, Kozaczek defaulted on his student loans and his 2009 federal tax refund of $4,607 was offset against this debt.  Id. at *1.  Kozaczek sued HESC in Vermont state court alleging negligence, false claims, and violations of the Fair Debt Collection Practices Act, and the case was removed to this Court in May 2010.  Id.  He sought the return of his 2009 refund along with compensatory and punitive damages.  Id. at *3.  Kozaczek also requested injunctive relief, asking the Court to "enjoin a 2010 offset, and to order HESC to return of part of the 2009 offset."  Id.  HESC moved to dismiss based on Eleventh Amendment immunity.  Id. at *2.  The Court, after determining HESC was a state agency and could claim immunity, granted its motion.  Id. at *4.  It declined to grant Kozaczek leave to amend his complaint.  Id.  The Second Circuit affirmed in a summary order.  Kozaczek v. N.Y. Higher Educ. Servs. Corp., 503 F. App'x 60 (2d Cir. 2012).

Kozaczek has now sued HESC again, this time alleging that both the 2009 offset and HESC's "current enforcement of an illegal IRS offset" violate his Fifth and Fourteenth Amendment rights to due process.  (Doc. 3 ¶¶ 15-16.)  He first raises the same general factual allegations against HESC that the Court ruled on in 2011.  See id. ¶¶ 23-45.  According to Kozaczek, "HESC has, to date, sought to collect on four -- fictitious and unverified -- alleged defaulted loans in Plaintiff's name."  Id. at ¶ 62.  It appears additional federal tax refunds beyond the 2009 refund may have also been offset, although it is unclear how many times or in what amount.  See id. ¶¶ 7-8 (stating that "HESC is currently illegally offsetting Plaintiff's IRS tax refunds" and that this "current offset . . . is the substance of this Complaint.").

Kozaczek sues Chase, the lender of his student loans, alleging it "knowingly entered into -- and seeks to enforce -- an unconscionable, in-blank, contract of adhesion with [him], for which no meeting of minds was reached."  Id. ¶ 68.  He claims the promissory note (the "Note"), as a "take-it-or-leave-it contract of adhesion," is unfair and unenforceable because of Chase's superior bargaining

power.  Id. ¶¶ 72-75 ("Specifically, Plaintiff contends that the take-it-or-leave-it Contract unfairly

relies on a massive imbalance of power, commonly wielded, by two aligned parties -- HESC and

Chase -- against a single, unrepresented and vulnerable student borrower.").  Kozaczek states he

"only became aware of Chase's (and HESC's) illegal actions" when this Court, in 2011, granted

HESC's motion to dismiss based on the Eleventh Amendment and Kozaczek discovered he was

legally barred from suing Chase under the Higher Education Act ("HEA").  (Doc. 3 ¶¶ 13, 13(i)-(ii)).

Kozaczek further alleges the language of the Note "shows that Chase (and HESC) deceptively

claimed that Plaintiff had recourse in a private suit against Defendants under the terms of the

HEA."  Id. ¶ 14; see id. ¶ 81 ("In sum:  Chase hoodwinked Plaintiff by unilaterally constructing and

presenting the contract so as to deliberately prevent parties' meeting of minds.").  He points to

terms in the Note that explain its terms "will be interpreted in accordance with the Higher

Education Act of 1965 . . . ."  Id. ¶ 14.  As in his first case against HESC, Kozaczek seeks return of

his 2009 refund, compensatory and punitive damages (against both HESC and Chase), and various

injunctive relief.  See Doc. 3 ¶¶ 21-22.

III.     Discussion

    A.     Standard of Review

       The Court accepts the material facts alleged as true, draws all reasonable inferences in his

favor, and will dismiss Kozaczek's complaint only if it fails to state a claim for relief that is

"plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

    B.     HESC's Motion to Dismiss

       As in the previous case, HESC's motion to dismiss asserts a general immunity to suit in

federal court.  But this time HESC first contends Kozaczek's claims are barred by issue preclusion

because the Court has already decided the issue of whether it is entitled to Eleventh Amendment

immunity.  This doctrine, also known as collateral estoppel, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case."  Allen v. McCurry, 449 U.S. 90, 94 (1980).  Issue preclusion, when properly applied, "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  Id.  It applies "to a given issue if (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits."  Bear, Stearns & Co. v. 1109580 Ontario, Inc., 409 F.3d 87, 91 (2d Cir. 2005) (internal quotation marks and citation omitted).

All four factors are satisfied here.  In Kozaczek's 2011 lawsuit, the Court addressed the identical issue of HESC's Eleventh Amendment immunity.  Kozaczek, 2011 WL 3687379, at *3. This was an issue of law necessary to its judgment -- indeed, it was dispositive -- and Kozaczek had a "full and fair opportunity to litigate the issue."  Bear, Stearns & Co., 409 F.3d at 91.  He unsuccessfully argued HESC waived its right to assert immunity when another defendant removed the case to federal court.  Kozaczek, 2011 WL 3687379, at *3.  After Kozaczek appealed the Court's decision, the Second Circuit summarily affirmed.  See Kozaczek, 503 Fed. App'x at 62 ("Insofar as Kozaczek argues that [HESC] . . . is not a state agency or that the Eleventh Amendment does not apply to it, his argument is without merit.").  The Court's dismissal of Kozaczek's claim against HESC constituted an adjudication on the merits and he may not relitigate the Eleventh Amendment

issue.[2]  HESC's motion to dismiss (Doc. 7) is therefore GRANTED.  See Can v. Goodrich Pump &

Engine Control Sys., Inc., 711 F. Supp. 2d 241, 246 (D. Conn. 2010) ("[W]hen a defendant raises the

affirmative defense of res judicata or collateral estoppel 'and it is clear from the face of the

complaint . . . that the plaintiff's claims are barred as a matter of law,' dismissal under Fed. R. Civ. P.

12(b)(6) is appropriate." (quoting Conopco, Inc. v. Roll Int'l., 231 F.3d 82, 86–87 (2d Cir. 2000))).

     C.     Chase's Motion to Dismiss

    Chase argues Kozaczek's complaint fails to state a claim for an adhesion contract.  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal,

556 U.S. 662, 678 (2009).  The Court does not accept legal conclusions as true, however, and

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice."  Id.

    "A contract of adhesion is a contract formed as a product of a gross inequality of bargaining

power between parties," marked by high pressure sales tactics and deceptive or unconscionable

language.  Klos v. Lotnicze, 133 F.3d 164, 168 (2d Cir. 1997) (internal quotation marks and citation

omitted).  "The elements of a contract of adhesion are (1) a necessity of life; (2) a contract for the

---

[2] The Court notes that to the extent this current claim is based on the IRS' offset of his 2009 refund, it is likewise barred by issue preclusion's close relative, claim preclusion (also known as res judicata).  See N. Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 87 (2d Cir. 2000) ("The doctrine of claim preclusion . . . holds that a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." (internal quotation marks and citation omitted)).  Kozaczek's claim regarding the offset of his 2009 refund was dismissed by this Court in 2011 and he simply bases this second claim, arising out of the same facts as the first, on a different legal theory -- due process.  And were Kozaczek's claims not barred because of preclusion, HESC would nevertheless be entitled to sovereign immunity for the same reasons articulated in this Court's 2011 dismissal.

excessive benefit of the offeror; (3) an economic or other advantage of the offeror; and (4) the offer

of the proposed contract on a take-it-or-leave-it basis." In re Vargas Realty Enters., Inc., 440 B.R.

224, 237 (S.D.N.Y. 2010) (internal quotation marks and citation omitted).  The concept of adhesion

contracts "may not be invoked to trump the clear language of the agreement unless there is a

disturbing showing of unfairness, undue oppression, or unconscionability." Klos, 133 F.3d at 169.

Kozaczek alleges the Note is inherently unfair because he was a "single, unrepresented and

vulnerable student borrower" and Chase unfairly relied on this "massive imbalance of power" in

order to deceptively mislead him into believing he could sue HESC under the HEA.  (Doc. 3

¶¶ 74-75.)  These assertions, however, are conclusory in nature and devoid of any factual support.

Kozaczek instead makes unsupported legal arguments, see Doc. 3 ¶¶ 68-82, and offers no factual

content to support a reasonable inference of high pressure tactics, undue oppression, or

unconscionability.  Even accepting all of Kozaczek's material facts as true, he has failed to

demonstrate a claim "plausible on its face." Twombly, 550 U.S. at 570.  Accordingly, Chase's

motion to dismiss (Doc. 19) is GRANTED.  Kozaczek's motion for judgment (Doc. 23), in which

he argues Chase improperly served its motion to dismiss (for failure to comply with the Hague

Convention when Kozaczek lived in Austria), is DENIED.  Kozaczek misapplies Rule 4(f) of the

Federal Rules of Civil Procedure, which governs service of a summons to commence an action.

Once an action has been commenced, the parties are required to comply with Rule 5 when serving

and filing pleadings.  Chase complied with Rule 5(b)(2)(C) and properly served its motion to dismiss

by mailing it to Kozaczek's last known address in Austria.  (Doc. 19 at 13.)

IV.   Leave to Amend

As a general rule, a district court should not dismiss a pro se complaint without granting

leave to amend at least once "'when a liberal reading of the complaint gives any indication that a

6

valid claim might be stated.'"  <u>Chavis v. Chappius</u>, 618 F.3d 162, 170 (2d Cir. 2010) (quoting <u>Branum v. Clark</u>, 927 F.2d 698, 705 (2d Cir. 1991)).  Nonetheless, leave may be denied if amendment of the complaint would be futile.  <u>See</u> <u>Ellis v. Chao</u>, 336 F.3d 114, 127 (2d Cir. 2003).

The Court finds granting Kozaczek leave to amend would be futile.  The Court has now ruled on his claims twice (and the Second Circuit once).  This is not Kozacek's first lawsuit involving his student loans before the Court.  Although <u>pro</u> <u>se</u>, Kozaczek is now undeniably an experienced <u>pro</u> <u>se</u> litigant and the lack of plausible factual allegations in his complaint do not warrant a third bite at the apple.

V.      <u>Conclusion</u>

For the reasons above, HESC's motion to dismiss (Doc. 7) is GRANTED.  Chase's motion to dismiss (Doc. 19) is GRANTED.  Kozaczek's motion for judgment (Doc. 23) is DENIED.

        SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 20th day of May, 2014.

                                    /s/ J. Garvan Murtha
                                    Honorable J. Garvan Murtha
                                    United States District Judge